MOSHIER, Respondent, vs. THE LA CROSSE COUNTY AGRICULT-
URAL SOCIETY, Appellant.

*March 6 — April 3, 1895.*

*Arbitration: Agreement to submit: Notice of rules governing horse races.*

An advertisement by an agricultural society that the races at its an-
nual fair would be conducted "under rules of American Trotting
Association" was not notice to one who entered horses in such
races that the society was a member of said association and that
all questions arising upon the races were to be referred to it for
decision, so as to render the decision of the association upon a
question so referred binding upon him.

APPEAL from a judgment of the circuit court for La Crosse
county: J. M. MORROW, Circuit Judge. *Affirmed.*

The defendant is an agricultural society. It gave a fair
in the fall of 1892, at which it offered prizes for a trotting
race of horses. It was advertised that the races would be
conducted "under rules of American Trotting Association."
The plaintiff, through one J. V. Palmer, entered two horses
for the races. Both won prizes, amounting to $75. It was
so decided by the judges. Protests were made that the
horses were owned by Palmer and not by the plaintiff.
Palmer was barred by some rule of the American Trotting
Association from participating in races held by any member
of the association. The defendant was a member. A rule
of the association provided that "members · shall be war-
ranted in withholding the premium of any horse, during the
time herein mentioned, without any formal protest, if they
shall receive information in their judgment tending to es-
tablish that the entry was fraudulent or ineligible. Pre-
miums withheld under this rule to be forthwith sent to the
secretary of this association to await the result of an inves-
tigation by the member or by the boards of review or ap-
peals; and if the eligibility of the horse is not established

within three weeks he shall then be barred from winning, unless the case is appealed." The prizes were withheld, and the money was sent to the secretary of the American Trotting Association to be disposed of according to its rules. The rules of the association provided for some arbitration of the question in dispute, which was had, and the matter was decided against the plaintiff. Afterwards the plaintiff brought this action to recover the amount of the prizes. There was a verdict and judgment for the plaintiff, from which the defendant appeals.

*George H. Gordon* and *N. A. Partridge*, for the appellant.
*C. L. Hood*, for the respondent.

NEWMAN, J. The circuit court instructed the jury that the contract was "that the manner of the races, the matters relating to the entries and the ownership of the horses, the make-up and conduct of the races, and the racing should be according to the rules of the American Trotting Association. . . . It is undoubtedly true, under this contract, that Mr. Palmer, being a suspended member, would have no right to enter his own horses for these races. . . . If . . . you find that plaintiff was the owner of these horses, and that they were properly entered, under the contract, in these races, and were entitled, by their position in the races, to the sum claimed in this action, then your verdict should be for the plaintiff. . . . It makes no difference, in this case, what disposition the defendant may have made of any of its funds. That does not go to the question of its liability in this case."

It will be seen that the case was submitted to the jury substantially on the theory that the only question involved was whether the plaintiff owned and controlled the horses at the races, or whether Palmer owned or controlled them; that the plaintiff, if he owned the horses, was entitled to the prize money, unless, for the purpose of the races, they were

under the control or management of Palmer for his own advantage; and that it was no part of the contract that the question should be submitted to the American Trotting Association for decision. This seems to be the correct view of the case. The advertisement that the races would be under the rules of the American Trotting Association cannot fairly be held to have notified participants in the races that the defendant was a member of that association and that all questions arising upon the races were to be referred to it for decision. Such participants cannot be held to be bound by rules of that association not relating to the ownership and entry of horses and the manner of the races, of which they were not fairly notified. So it cannot be held that the plaintiff was bound by any agreement to submit this question to the association for its arbitration, or that its action can bind him. The question which was involved seems to have been fairly submitted.

*By the Court.*— The judgment of the circuit court is affirmed.